**93**

**GROGAN BUILDERS SUPPLY CO.,**
**Appellant,**

v.

**Benito ZERMENO, Appellee.**

**No. 12765.**

Court of Civil Appeals of Texas.
Galveston.

Dec. 9, 1954.

Rehearing Denied Jan. 13, 1955.

———◆———

J. L. Webb, Houston, for appellant.

Benton S. Fleming, Houston, for appellee.

GRAVES, Justice.

This appeal is from a judgment of the County Court at Law of Harris County, Texas, Honorable W. Sears McGee presiding, for the sum of $918, including an allowance of $250 for attorneys' fees, in favor of appellee against appellant, as for plumbing and electrical work done by the appellee for appellant, under an alleged sub-contract, in response to special issues of fact found by a jury concerning the dealings between the parties, in material substance, as follows:

No. 1. "Do you find from a preponderance of the evidence that at the time T. C. Butler entered into a parol agreement with the plaintiff, Benito Zermeno, by the terms of which the said Zermeno was to furnish certain plumbing and electrical material and labor in connection with the work done on the home of Jessie Gonzales, that he was acting for the Grogan Builder's Supply Company." Answered "We do."

No. 2. "Do you find * * * that the said T. C. Butler * * * was authorized by * * *, Grogan Builder's Supply Company, to make the contract for it?" Answered "We do."

No. 3. "Do you find * * * that at the time of the making of the parol agreement between T. C. Butler and Benito Zermeno, T. C. Butler had apparent authority to act for Grogan Builder's Supply Company in making said agreement?" Answered "We do."

No. 4. "What do you find * * * to be the reasonable value in Houston * * * of the services rendered by the plaintiff's attorney in the preparation and trial of this cause?" Answered "$250.00."

Such disposition by the trial court may be, perhaps, better understood by this brief reference to what it was based upon:

The theory and testimony of the appellee, Benito Zermeno, in this case was that Mr. T. C. Butler, as agent and representative of the appellant, Grogan Builders Supply Company, hired appellee to do certain plumbing and electrical work, and furnish certain materials therefor, on and in the home of one Jessie Gonzales; and that he, the appellee, was to receive the sum of $668 from the Grogan Builders Supply Company, therefor; that he had no contract with Gonzales and did not try to collect from him; that he did the work, and at-

tempted to collect from the appellant, Grogan Builders Supply Company, through Mr. Victor Von Baden; that the appellant refused to pay, and appellee instituted suit therefor, and that such testimony created a question of fact for the jury.

On its appeal here appellant presents seven points of error, seeking to show that the evidence was insufficient to support the verdict of the jury in any particular.

Whereas, as recited supra, the appellee urges that the sole question on appeal is, not whether or not the evidence supported the findings of the jury, but whether it was sufficient to raise a material question of fact over which the jury had jurisdiction, and whether its findings thereon were material.

This Court agrees with the answering position of the appellee and holds that a question of fact was raised as to the authority of T. C. Butler and Victor Von Baden to so act as agents for the appellant corporation, and that the jury's answers thereto have not been shown to have lacked support in the testimony.

The testimony of the appellee alone was sufficient, especially, to make a fact issue out of whether or not the two men he so dealt with were agents and representatives of the Grogan Builders Supply Company. He testified in detail that he and Von Baden and Butler had worked together in similar transactions to the one here involved, for the appellant, for years. He said that to his own personal knowledge they were both agents and employees of the appellant and that they made this contract with him in that capacity and that he was to be paid by the appellant the sum of $668 for it; that he had for a long time been doing similar work through these men for the appellant corporation, running back at least to May and June of 1952, and that he had done about six or seven such jobs in that way for the appellant; that these two men in so engaging him to do the job involved in this controversy, told him specially that they needed this job in emergency; that he agreed with them in consequence to go right ahead with it for the agreed price of

$668, which covered the whole job, plumbing and electrical work; and that after it had been finished they had called "in the plumbing inspector for roughing and for final." He further detailed that in the previous transactions he had done work for the appellant through these two men as its agents, the appellant had promptly paid him for all of them and that it had never failed to pay for any of them "until this particular job."

Further discussion is deemed unnecessary, since the conclusions stated require an affirmance of the judgment. It will be so ordered.

Affirmed.